IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No.  7:20-cr-00015 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| ANTONIO DALMON COLEMAN | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER DENYING APPEAL OF BOND REVOCATION**

This matter is before the court on Antonio Dalmon Coleman's appeal of the magistrate judge's order revoking bond.  (Dkt. No. 68.)  The court finds that a hearing is not necessary to resolve Coleman's appeal, which, for the reasons stated below, is denied.

The court reviews this matter pursuant to 18 U.S.C. § 3148(b), which provides that the court "shall enter an order of revocation and detention" if the court

> (1) finds that there is—
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

Section 3148(b) further provides that "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises

that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." In reviewing a motion to revoke or amend an order of detention, the court reviews the magistrate judge's order de novo. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the court "must make an independent determination of the proper pretrial detention or conditions of release." *Id.*

The magistrate judge held a hearing on August 3, 2021 (Dkt. No. 64), and entered an order of detention on August 10, 2021 (Dkt. No. 67). The magistrate judge found that there was probable cause to believe that Coleman committed a federal, state, or local crime due to Coleman being charged with violation of a protective order as well as simple assault. The magistrate judge also found by clear and convincing evidence that Coleman violated his conditions of release by testing positive for controlled substances on three occasions. Thus, pursuant to 18 U.S.C. § 3142(g), the magistrate judge found that there is no condition or combination of conditions that will assure that Coleman will not flee or pose a danger to the safety of any other person or the community. The magistrate judge also found that Coleman is unlikely to abide by any condition or combination of conditions of release.

Having reviewed the submissions in this matter, including the arguments and testimony at the hearing before the magistrate judge, the court agrees with the magistrate judge and finds that Coleman's bond should be revoked. First, having been charged with simple assault in state court, a rebuttable presumption arises that no condition or combination of conditions will assure that Coleman will not pose a danger to the safety of any other person or the community. At the hearing, Coleman attempted to portray himself as the victim in a domestic dispute, but as the government argued, Coleman's domestic issues are a recurring theme. Thus, Coleman failed to rebut the presumption set forth in § 3148(b). Second, Coleman was aware that he needed

judicial permission to smoke marijuana, despite having a license for medical marijuana. Coleman's counsel indicated that he intended to seek judicial permission, but he failed to do so in a timely manner, and that Coleman should not be held accountable for his counsel's oversight. This argument presumes that the court would have granted permission, but in any event, Coleman does not have permission.  It is undisputed that Coleman violated the conditions of his release by smoking marijuana.

    Based on the foregoing, it is HEREBY ORDERED that Coleman's appeal (Dkt. No. 68) is DENIED, the revocation of his bond and pretrial release is AFFIRMED, and Coleman is ORDERED DETAINED pending further proceedings in this matter.

    The clerk is directed to provide notice of this order to counsel of record.

    Entered: September 27, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge